IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAXITRANSFERS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-00671 |
| | ) |
| NOVEDADES MEXICO LINDO LLC | ) |
| and ALFONSO HERNANDEZ | ) |
| HERNANDEZ, | ) |
| | ) |
| Defendants. | |

## ORIGINAL COMPLAINT

In support of the causes of action and requests for relief stated herein, Plaintiff Maxitransfers LLC states and alleges as follows:

### PARTIES

1. Plaintiff Maxitransfers LLC is a Delaware limited liability company with its principal place of business located at 222 Las Colinas Blvd., Suite 2000N, Irving, TX 75039-5440. Maxitransfers transmits cash and negotiable instruments to third-parties pursuant to specific instructions and delegates third-party companies to act as fiduciaries to facilitate interactions with customers throughout this process.

2. Defendant Novedades Mexico Lindo LLC is an Alabama limited liability company with a principal place of business and registered agent, Alfonso Hernandez Hernandez, located at 1000 Rucker Boulevard, Enterprise, AL 36330. Novedades sells clothing and provides money transmittal services to customers in Alabama.

1

3.      Defendant Alfonso Hernandez Hernandez is a citizen of Alabama residing at 2101 Geneva Highway, Lot 13, Enterprise, AL 36330.  Mr. Hernandez owns and operates Novedades Mexico Lindo, selling clothing and providing money transmittal services to Alabama customers.

## JURISDICTION AND VENUE

4.      Personal jurisdiction is proper in this court as defendant maintains a principal place of business and transacts business in this state and district.

5.      Subject matter jurisdiction is proper in this court as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6.      Specifically, Maxitransfers is a Delaware limited liability company.  Its sole member is a California trust, 2020 Maxitransfers Trust.  The 2020 Maxitransfers Trust trustee is Joseph Niehaus, a California resident.  Mr. Niehaus exercises customary powers to hold, manage, and dispose of trust assets for the benefit of others and maintains real and substantial control over trust assets.  *See CityPlace Retail, LLC v. Wells Fargo Bank N.A. as Trustee*, No. 20-11748, 2021 WL 3486168, at *4 (11th Cir. July 15, 2021) (instructing district court to inquire as to whether the trustee "hold[s], manage[s], and dispose[s] of assets for the beneficiaries . . . [and] ha[s] the power to control the litigation . . . or is . . . merely a conduit for a remedy flowing to others[.]").  For example, Mr. Niehaus may: (**1**) distribute or retain principal and income of the trust within his discretion; (**2**) accept title to and take whatever actions he deems reasonably necessary to vote shares of Maxitransfers LLC; (**3**) dissolve the trust in his sole and absolute discretion if he determines it uneconomical; (**4**) loan or borrow money for the trust upon such terms and conditions he deems appropriate in his discretion; (**5**) encumber trust property by security agreement in his discretion, even if such encumbrance continues after the trust term; and (**6**) litigate, answer, compromise, arbitrate, or abandon any litigation or pre-litigation claim on behalf of the trust in his

sole discretion. Mr. Niehaus' citizenship controls 2020 Maxitransfers Trust's citizenship and, by extension, Maxitransfers LLC's citizenship.

7. Mr. Niehaus is a California resident and has been since 2016. Mr. Niehaus works in California and performs his obligations as trustee from California. Mr. Niehaus does not intend to leave California. He is a California citizen as an individual domiciled there with the intent to remain or to which he intends to return. As Mr. Niehaus is a California citizen, the 2020 Maxitransfers Trust and Maxitransfers LLC are California citizens as well.

8. Novedades is an Alabama limited liability company. Its sole member is Alfonso Hernandez Hernandez. Mr. Hernandez resides in Alabama at 2101 Geneva Highway, Lot 13, Enterprise, AL 36330 and resided in Alabama since at least 2019. He evidenced no intent to leave, as demonstrated by the multiple businesses he owns and operates in the state including defendant Novedades and third-party Spirit Staffing LLC—registered at the same address. Mr. Hernandez is an Alabama citizen for diversity purposes as an individual domiciled in the state with the intent to remain or to which he intends to return. As Mr. Hernandez is an Alabama citizen, Novedades is also an Alabama citizen for diversity purposes.

9. Venue is proper in this court as the defendant maintains a principal place of business, transacted business, and engaged in the conduct complained of in this district.

## FACTUAL BACKGROUND

10. On July 13, 2023, plaintiff Maxitransfers and defendant Novedades entered a money transmission agreement (the **Agreement**). A true and correct copy of the Agreement is attached as **Exhibit A**.

11. On August 1, 2024, plaintiff Maxitransfers and defendant Novedades entered an amended money transmission agreement (the **Amended Agreement**). A true and correct copy of the Amended Agreement is attached as **Exhibit B**.

12. As part of both the Agreement and the Amended Agreement, Maxitransfers appointed Novedades, and Novedades accepted appointment, as a trustee and fiduciary for money transmissions by Maxitransfers.

13. Pursuant to the Agreement and the Amended Agreement, when Novedades received funds for such a transmission from a customer, it agreed to notify Maxitransfers, who would make equivalent funds available for the customer at the designated destination.

14. Novedades, meanwhile, agreed to hold the funds the customer provided in trust for Maxitransfers and deliver the transferred amount to Maxitransfers by the following Monday, Wednesday, or Friday, whichever came first.

15. Novedades pledged as security a lien against its personal property and any proceeds thereof to Maxitransfers under the Agreement and Amended Agreement as security for the funds held in trust.

16. Novedades' owner, Mr. Hernandez, also personally guaranteed Novedades' performance under the Amended Agreement and agreed to indemnify Maxitransfers from any loss as a result of Novedades' failure to perform.

17. Novedades began processing transactions for customers under the Agreement and Amended Agreement shortly after the parties executed them.

18. To process a transaction, Novedades accepts customer funds plus a small service fee from a consumer visiting its store.

19. Novedades then notifies Maxitransfers of the customer's request to transmit the funds to the intended recipient.

20. Maxitransfers delivers the funds to the recipient as instructed.

21. Maxitransfers complied with its obligations under the Agreement and Amended Agreement by transmitting all funds to the intended recipients or returning the funds if the transaction did not clear.

22. However, Novedades failed to then remit to Maxitransfers all funds it received from the customer and held in trust.

23. Instead, upon information and belief, Novedades withheld some funds from Maxitransfers for transactions Maxitransfers processed at Novedades' and its customers' request.

24. In the alternative, upon information and belief, Novedades failed its obligation to ensure the funds it held for Maxitransfers were deposited in Maxitransfers' designated bank accounts.

25. After Novedades failed to remit the funds owed as described above, Maxitransfers terminated the Agreement and Amended Agreement in writing on September 4, 2024.

26. However, to date Novedades owes Maxitransfers $121,121.19 in funds for transactions Maxitransfers processed at Novedades' and its customers' requests.

27. As personal guarantor, Mr. Hernandez personally guaranteed Novedades' performance and agreed to indemnify and hold harmless Maxitransfers against any loss, damage, claims, or expenses resulting from Novedades' performance, making him equally liable for these funds.

28. Mr. Hernandez failed to deliver the funds owed to Maxitransfers following its written demand.

29. Defendants' failure to deliver these funds was not authorized by Maxitransfers, justified under the parties' Agreement or Amended Agreement, or excused.

30. Maxitransfers fully performed its obligations under the Agreement and the Amended Agreement.

31. All prerequisites to relief have been satisfied or excused.

## CAUSES OF ACTION

### A. First Cause of Action – Breach of Contract

32. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

33. By nature of their relationships with the plaintiff, defendants Novedades and Mr. Hernandez owed binding contractual duties to plaintiff Maxitransfers.

34. Plaintiff Maxitransfers performed its obligations under the contract by transmitting all funds consistent with Novedades' instruction.

35. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers and failing to indemnify or otherwise hold Maxitransfers harmless from defendant Novedades' breach, defendants Novedades and Mr. Hernandez, respectively, breached their contractual duties to the plaintiff.

36. Defendants' breaches were without lawful justification.

37. As a direct and proximate result of the defendants' breaches, plaintiff Maxitransfers has been damaged in an amount to be determined at trial.

### B. Second Cause of Action – Breach of Fiduciary Duty

38. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

39. By nature of its relationship with Maxitransfers, defendant Novedades owed fiduciary duties to the plaintiff.

40. Through its conduct described herein including, inter alia, withholding or failing to deliver funds lawfully owed and due to Maxitransfers, defendant Novedades breached these fiduciary duties to the plaintiff.

41. Defendant Novedades' breach was without lawful justification.

42. As a direct and proximate result of the defendant's breach, plaintiff Maxitransfers was damaged in an amount to be determined at trial.

**C.     Third Cause of Action - Conversion**

43. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

44. Plaintiff Maxitransfers was and remains legally entitled to the funds customers tendered to Novedades for money transmissions.

45. Through its conduct described herein including, inter alia, withholding or failing to deliver funds lawfully owed and due to Maxitransfers, defendant Novedades wrongfully took Maxitransfers' property, illegally asserted ownership over Maxitransfers' property, illegally used or misused Maxitransfers' property, or, at the very least, wrongfully detained or interfered with Maxitransfers' property.

46. Defendant Novedades' interference was without lawful justification.

47. As a direct and proximate result of the defendant's breach, plaintiff Maxitransfers was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

48. WHEREFORE, plaintiff Maxitransfers prays for judgment against defendants Novedades and Mr. Hernandez and requests the court enter judgment in its favor and against defendants as follows:

a. Entry of judgment against the defendants and an award of all damages provided for by law—including compensatory, nominal, and general—in an amount to be determined at trial caused by defendants Novedades' and Mr. Hernandez's actions described herein;

b. An award of all pre- and post-judgment interest allowed by law;

c. An award of attorneys' fees and costs allowed by law; and

d. Any such other and further relief the Court deems just and equitable.

Done this 21st day of October, 2024.

s/ Carl J. Emmons
Carl J. Emmons
ASB-3204-O14T
Bell Carrington Price & Gregg, LLC
2100 Southbridge Parkway, Ste. 650
Birmingham, AL 35209
Tel: 205-879-6649
E-mail: cemmons@bellcarrington.com

*Counsel for Maxitransfers LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this Initial Complaint filing is being sent to be served this 21st day of October, 2024, on the following individuals:

Novedades Mexico Lindo LLC – 1000 Rucker Boulevard, Enterprise, AL 36330

Alfonso Hernandez Hernandez – 2101 Geneva Highway, Lot 13, Enterprise, AL 36330

s/ Carl J. Emmons
OF COUNSEL